**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**
www.flsb.uscourts.gov

In re:                                          Case No.: 22-10014-SMG
                                                Chapter 13
LORENZO A. ALLEN

Debtor

_____/

LORENZO A. ALLEN                                Adversary Proceeding
                                                Case No: 23-01179-SMG
Plaintiff

v.

THE BANK OF NEW YORK F/K/A THE
BANK OF NEW YORK AS SUCCESSOR TO
JP MORGAN CHASE BANK, N.A. AS
TRUSTEE FOR ASSET BACKED FUNDING
CORPORATION      ASSET      BACKED
CERTIFICATES, SERIES 2003-AHL1, et. al.

_____/

## DEFENDANTS' MOTION TO DISMISS

Defendants, THE BANK OF NEW YORK F/K/A THE BANK OF NEW YORK AS

SUCCESSOR TO JP MORGAN CHASE BANK, N.A., AS TRUSTEE FOR ASSET BACKED

FUNDING CORPORATION ASSET BACKED CERTIFICATES, SERIES 2003-AHL1

("BoNY"), PETER HERNANDEZ ("Attorney Hernandez") and HINSHAW & CULBERTSON

LLP ("Hinshaw," collectively with BoNY and Attorney Hernandez, the "Defendants") pursuant

to Federal Rule of Civil Procedure 12(b)(2), (b)(5) and (b)(6), made applicable to this proceeding

by Federal Rule of Bankruptcy Procedure 7012, respectfully move this Court for an order

dismissing the Complaint filed by the Plaintiff LORENZO A. ALLEN (the "Plaintiff" and/or the "Debtor") [ECF 1] and in support thereof state as follows:

## Summary of Argument

The Complaint stands to be dismissed as it misconstrues the rights of consumers under the Florida Consumer Collections Practices Act ("FCCPA"). Specifically, the Plaintiff would have this Court erroneously find that an easily remedied action by the state court entitled him to damages which the Plaintiff is not entitled to recover under State law. Rather, the Complaint is more properly viewed as yet another attempt by the Plaintiff to disrupt the proceedings between the Plaintiff and BoNY.[1] In addition to the defects in the Plaintiff's pleading, the Complaint was not properly served and therefore, service should be quashed and the Plaintiff should be required to properly serve the Complaint before this matter proceeds.

Due to the defects in the Complaint and the Plaintiff's improper service, this matter should be dismissed.

## Background Facts and Allegations

On January 3, 2022, the Plaintiff filed a Voluntary Petition for relief pursuant to Chapter 13 of the Bankruptcy Code and the Case was assigned Case No. 22-10014 (the "Main Case") [Bankr. ECF 1]. On January 27, 2022, the Court dismissed the Main Case and it was not reinstated until February 18, 2022 [Bankr. ECFs 13 and 23]. *Id*. A true and correct copy of the Order Reinstating Chapter 13 Case (the "Order Reinstating") is attached hereto as Exhibit "A."

As more fully detailed below, after the Main Case was dismissed, and before the automatic stay was reimposed, BoNY's counsel *responded* to a communication from the Plaintiff regarding a suit pending in Broward County, Florida (the "Foreclosure Action"). *See* Email communications

---

[1] The Plaintiff is presently seeking relief in the form of a Motion for Sanctions in his main bankruptcy proceeding. An initial hearing on his Motion for Sanctions is presently scheduled for November 9, 2023.

commencing on January 31, 2022, from the Debtor to Attorney Hernandez, along with Attorney Hernandez's responses attached hereto as Composite Exhibit "B." [ECF 1 at ¶38]. BoNY's counsel emailed the Plaintiff on additional occasions, <u>again in response to a request from the Plaintiff,</u> in an attempt to resolve a pending motion in the Foreclosure Action. [ECF 1 at ¶¶39-42]. Eventually, a hearing was scheduled in the Foreclosure Action to attempt to provide the relief the Plaintiff sought from BoNY, as evidenced in his correspondence with Attorney Hernandez. [ECF 1 at ¶43]. At no time was Plaintiff represented by counsel in the Foreclosure Action.  Accordingly, the Plaintiff cannot allege or demonstrate that the Defendants had knowledge, that he was represented by counsel in the Foreclosure Action because in point of fact he was not.

Instead, the court record reflects that Plaintiff had been engaged in protracted litigation for close to 10 years *pro se* in several forums with continuous communications directly with Attorney Hernandez and other counsel representing BoNY in the following legal proceedings[2]:

1.    On May 9, 2014, BoNY commenced the Foreclosure Action against the Debtor, in the Seventeenth Judicial Circuit, in and for Broward County, Florida styled *BoNY v. Juanita Allen, et al.*, under Case Number CACE14009009. A true and copy of the docket of the Foreclosure Action is attached as Exhibit "C."

2.    On February 29, 2016, Debtor appealed a state court order to the Fourth District Court of Appeal of Florida styled *Juanita Allen and Lorenzo Allen vs. BoNY*, under Case Number 4D16-0651 (the "First Foreclosure Appeal"). The First Foreclosure Appeal

---

[2] While ordinarily the Court may only consider matters alleged in the complaint, "the Eleventh Circuit has determined that courts may consider documents 'attached to a motion to dismiss without converting the motion into one for summary judgment if the attached document is (1) central to plaintiff's claim and (2) undisputed.'" *Dillworth v. Ginn (In re Ginn-LA St. Lucie Ltd., LLLP)*, 2010 Bankr. LEXIS 6324 *16 (Bankr. S.D. Fla., Dec. 10, 2020) (*quoting Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005)). A court may take judicial notice of adjudicative facts that are not subject to reasonable dispute because they are generally known within the trial court's territorial jurisdiction or because they can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b)(2). The documents filed with the Clerk are public records of which a court can take judicial notice. *Id.*

was dismissed on April 7, 2016. A true and correct copy of the docket from the First Foreclosure Appeal attached as Exhibit "D."

3.      On August 30, 2019, Debtor removed the Foreclosure Action to the United States District Court for the Southern District of Florida styled *Lorenzo A. Allen and Juanita Allen v. BoNY*, under Case Number 0:19-cv-62182 (the "Federal Case"). A true and correct copy of the docket of the Federal Case attached as Exhibit "E"

4.      On June 7, 2019, Debtor appealed a second state court order to the Fourth District Court of Appeal of Florida styled *Juanita Allen and Lorenzo Allen vs. BoNY*, under Case Number 4D19-1789 (the "Second Foreclosure Appeal"). The Second Foreclosure Appeal was dismissed on July 16, 2019. A true and correct copy of the docket of the Second Foreclosure Appeal attached as Exhibit "F."

5.      On April 7, 2021, Debtor appealed a third state court order to the Fourth District Court of Appeal of Florida styled *Juanita Allen and Lorenzo Allen vs. BoNY*, under Case Number 4D21-1270 (the "Third Foreclosure Appeal"). A true and correct copy of the Third Foreclosure Appeal attached as Exhibit "G."

6.      The Foreclosure Action proceeded to non-jury trial on April 7, 2021. *See* Ex. C. The state court found that BoNY was entitled to entry of Final Judgment of Foreclosure in the amount of $802,415.00, plus interest, but abstained from entering Final Judgment of Foreclosure until the Third Foreclosure Appeal was resolved (the "April 29, 2021 Order"). A true and correct copy of the April 29, 2021 Order attached as Exhibit "H."

7.      The appellate court *per curiam* affirmed the state court order in the Third Foreclosure Appeal on December 2, 2021, and the Mandate issued on December 30, 2021. *See* Ex. G.

8.    On April 12, 2021, Debtor appealed the federal district court's remand order to the United States Court of Appeals for the Eleventh Circuit styled *BoNY v. Lorenzo Allen and Juanita Allen*, under Case Number 21-11192-CC (the "Federal Appeal"), which was ultimately dismissed on March 17, 2023 as moot due to dismissal of the underlying Foreclosure Action. A true and correct copy of the Federal Appeal attached as Exhibit "I."

Not only has the litigation been with the Debtor in a *pro se* manner, the claims asserted against Defendants in this adversary proceeding appear to stem from one or more communications directly with Debtor as to the Foreclosure Action or BoNY's filing and actions which pre-date the filing of the Main Case. [ECF 1 at ¶¶36-43]. Significantly, Debtor fails to allege, whether through inadvertence or purposefully, that Debtor initiated the alleged communications with Attorney Hernandez. *Id*. After the Mandate issued as to the Third Foreclosure Appeal, on December 30, 2021, BoNY filed its *Exparte* Motion for Entry of Final Judgment of Foreclosure Pursuant to the Court's April 9, 2021, Order Following April 7, 2021 Non-Jury Trial (the "*Exparte* Motion for Judgment"). *See* Ex. "C." On January 3, 2022, one day prior to the trial court signing the Final Judgment of Foreclosure (the "Final Judgment"), Debtor filed a voluntary Chapter 13 bankruptcy *pro se* and filed a Suggestion of Bankruptcy in the Foreclosure Action *pro se*. *See id.*

On January 31, 2022, four days after the Debtor's Main Case was dismissed on January 27, 2022, the Debtor sent an email to Attorney Hernandez notifying him of the Final Judgment that had been entered on January 4, 2022 (the "Initial Email from Debtor"). *See* Composite Ex. "B." The certificate of service on the Final Judgment confirms that Attorney Hernandez was not served with a copy of the Final Judgment. A true and correct copy of the Final Judgment is attached as Exhibit "J." It was not until Debtor's direct email to Attorney Hernandez on January 31, 2022, when conformed copies of the Final Judgment were received by the parties, or their counsel as

listed in the Final Judgment's certificate of service, in the Foreclosure Action, that Attorney Hernandez or any of the Defendants learned that the state court judge had entered the Final Judgment despite Debtor's filing of a Suggestion of Bankruptcy. *See* Composite Ex. "B."

The Initial Email from Debtor requested that action be taken to vacate the Final Judgment, since it was entered after commencement of the automatic stay. *See id.* At the Debtor's request, on February 9, 2022, BoNY filed a Motion to Vacate Final Judgment of Foreclosure due to Bankruptcy Stay and for Entry of Amended Final Judgment of Foreclosure Pursuant to the Court's April 9, 2021, Order Following April 7, 2021 Non-Jury Trial (the "Motion to Vacate"). A true and correct copy of the Motion to Vacate is attached as Exhibit "K." [ECF 1 at ¶38].

On that same date, Attorney Hernandez emailed the Debtor a copy of the Motion to Vacate, along with a proposed Agreed Order granting the Motion to Vacate, including the request for entry of an Amended Final Judgment of Foreclosure due to dismissal of the Main Case (the "First Proposed Agreed Order"), for Debtor's consideration, but no response was received. *See* Composite Ex. "B." [ECF 1 at ¶38]. On February 15, 2022, Attorney Hernandez sent a follow up email to Debtor seeking approval of the First Proposed Agreed Order, but again no response was received. *See id.* [ECF 1 at ¶39].

Finally, on February 18, 2022, Debtor sent an email directly to Attorney Hernandez notifying him that his Chapter 13 case had been reinstated, objecting to the First Proposed Agreed Order and requesting that the Motion to Vacate be withdrawn (the "Second Email from Debtor"). Correspondence commencing on February 18, 2022 with the Debtor along with Attorney Hernandez's response are attached hereto as Composite Exhibit "L." [ECF 1 at ¶40]. Significantly, although Debtor's Motion to Reinstate Case had been filed on February 7, 2022, by newly retained bankruptcy counsel, Robert J. Bigge, Jr., Esq., Debtor sent the direct communication to Attorney

Hernandez concerning the pending Motion to Vacate in the Foreclosure Action without copying his counsel on the email. *See* Composite Exhibit "L." Additionally, that same day, the Debtor, again while acting *pro se*, filed an Amended Suggestion of Bankruptcy in the Foreclosure Action. *See* Ex. "C." [ECF 1 at ¶40].

In response to the Second Email from Debtor, on February 18, 2022, Attorney Hernandez acknowledged receipt of the Amended Suggestion of Bankruptcy due to the reinstated bankruptcy automatic stay and offered a revised proposed Agreed Order granting the Motion to Vacate in part and eliminating the language concerning entry of an Amended Final Judgment of Foreclosure in light of the Order Reinstating (the "Second Proposed Agreed Order"), but no response was received. Attorney Hernandez sent a follow up email to Debtor on February 21, 2022, February 22, 2022 and February 27, 2022, but no responses were received. *See* Composite Exhibit "L."

Due to the lack of response by Debtor, on March 15, 2022, a hearing was scheduled by BoNY for March 28, 2022, on the Motion to Vacate in the Foreclosure Action. *See* Ex. "C." An Amended Notice of Hearing filed on March 25, 2022, in the Foreclosure Action clarified that "the motion being scheduled for hearing is limited to the Motion to Vacate Final Judgment of Foreclosure Due to Bankruptcy Stay." A true and correct copy of the Amended Notice of Hearing is attached as Exhibit "M." Further, the Amended Notice of Hearing specified that the "undersigned has provided a proposed Agreed Order to non-movants for approval, but the undersigned has not received a response approving the content of the Agreed Order granting in part [BoNY]'s Motion and taking no further action as to the remainder of [BoNY]'s Motion due to the bankruptcy stay that was reinstated after the filing of [BoNY]'s Motion." *See id.*

On March 25, 2022, Debtor again emailed Attorney Hernandez directly requesting that the hearing scheduled for March 28, 2022, be cancelled and Motion to Vacate withdrawn and

threatening penalties if BoNY's Proof of Claim filed on March 14, 2022 was not withdrawn (the "Third Email from Debtor"). True and correct copies of correspondence from the Debtor commencing on March 25, 2022, from Debtor to Attorney Hernandez, along with Attorney Hernandez's responses attached hereto as Composite Exhibit "N." Attorney Hernandez forwarded the Third Email from Debtor to Debtor's bankruptcy counsel on March 25, 2022, to (1) seek confirmation from Mr. Bigge as to the scope of his representation, (2) notify Mr. Bigge of direct emails received by Attorney Hernandez from Debtor after his appearance in the bankruptcy proceeding and (3) notify Mr. Bigge of the hearing on the Motion to Vacate in the Foreclosure Action and seeking Mr. Bigge's approval of the Second Proposed Agreed Order if he intended on making an appearance in the Foreclosure Action, but no response was received. *See* Composite Exhibit "N."

Consequently, the hearing was held on March 28, 2022, on the Motion to Vacate, where Attorney Hernandez appeared on behalf of BoNY and Debtor appeared *pro se*. The state court entered an Order to Vacate Final Judgment of Foreclosure Due to Bankruptcy Stay and Directions to Clerk to Place Case on Inactive Due to Bankruptcy (the "Order Vacating Foreclosure Judgment"). A copy of the Order Vacating Foreclosure Judgment is attached as Exhibit "O." To date, no attorney has made an appearance on behalf of the Debtor in the Foreclosure Action. *See* Ex. "C."

## MEMORANDUM OF LAW IN SUPPORT OF DISMISSAL

### A.    *Standards for a Motion to Dismiss*

Courts must have personal jurisdiction over the party and subject matter jurisdiction over the matter in order to consider an action. *See Pardazi v. Cullman Medical Ctr.*, 896 F.2d 1313, 1317 (11th Cir. 1990) (internal citations omitted). "Service of process is a jurisdictional

requirement: a court lacks jurisdiction over the person of a defendant when that defendant has not been served." *Id*. When a court lacks personal jurisdiction over the defendant, dismissal of the action is proper. *See Snow v. DirecTV, Inc.,* 450 F.3d 1314, 1322 (11th Cir. 2006) (affirming the dismissal of a case when the defendant showed the court lacked personal jurisdiction over the defendant).

To survive a motion to dismiss for failure to state a claim, a complaint must contain well-pleaded facts. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1964–65 (U.S. 2007). As stated by the Supreme Court "while a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide  the 'grounds' of his 'entitlement to relief' requires more than labels or conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.*  The factual allegations must be sufficient to "raise a right to relief above the speculative level."  *Id.* at 1964; *see also Fin. Sec. Assurance, Inc. v. Stephens, Inc.*, 500 F.3d 1276, 1282 (11th Cir. 2007) (specifying that "the factual allegations in a complaint must 'possess enough heft' to set forth 'a plausible entitlement to relief'") (*quoting Twombly*, 127 S. Ct. at 1966–67).  "[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief, 'this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court.'" *Twombly*, 127 S. Ct. at 1966 (*citation omitted*).  The plaintiff has the "obligation to provide grounds of his entitlement to [the] relief [sought] which, labels and conclusions and a formulaic recitation of the elements of a cause of action will not be." *Twombly* at 1964.

"To avoid dismissal for failure to state claim upon which relief may be granted, plaintiff cannot merely plead labels and conclusions and provide a formulaic recitation of a cause of action's elements; rather, plaintiff must amplify a claim with some factual allegations in those

contexts where such amplification is needed to render the claim plausible." *Securities Investor Protection Corporation v. Bernard L. Madoff Investment Securities, LLC*, 401 B.R. 629 (Bankr. S.D.NY. 2009)(*citations omitted*).

   *Pro se* litigants are not held to the same stringent pleading standards as attorneys; however, they "may not rely on conclusory allegations or legal conclusions in the place of factual allegations to overcome a motion to dismiss." *Mbano v. Kriseman,* 2014 U.S. Dist. LEXIS 157453 at *6 (M.D. Fla. 2014) (citing *Taylor v. Books A Million, Inc.,* 296 F.3d 376, 378 (5th Cir. 2002)). "Conclusory allegations" raised by *pro se litigants* "will not survive a motion to dismiss if not supporting by facts constituting a legitimate claim for relief." *Id* (citing *Municipal Utilities Bd. of Albertville v. Alabama Power Co.,* 934 F.2d 1493, 1501 (11th Cir. 1991)).

**B.      The Debtor did not properly serve the Adversary Complaint**

   A review of the Certificate of Service indicates that the Debtor attempted to serve Attorney Hernandez and Hinshaw at Hinshaw & Culbertson LLP, 201 E. Las Olas Blvd, Suite 1450, Ft. Lauderdale, FL 33301 (the "Broward Hinshaw Office") via certified mail [ECF 6]. The Certificates of Service are not clear as to whom the certified mail was directed [ECF 6]. The Debtor alleges he served BoNY via certified mail at CT Corporation System, 1210 S. Pine Island Road, Plantation, FL 33324. None of the methods of service are correct.

   Pursuant to Rule 7004(b)(1), service of process on an individual may be made "by mailing a copy of the summons and complaint to the individual's dwelling house or usual place of abode or to the place where the individual regularly conducts business or profession." Fed.R.Bankr.P. 7004(b)(1). Attorney Hernandez' practices law from Hinshaw's Coral Gables office located at 2525 Ponce de Leon Blvd, 4th Floor, Coral Gables, FL 33134. *See* Declaration of Attorney

Hernandez at ¶3 which is attached hereto as Exhibit "P." Thus, service of process at the Broward Hinshaw Office was insufficient. *See e.g. In re Ultrasonics, Inc.,* 269 B.R. 856 (Bankr. D. Idaho 2001) (finding service ineffective when not served at a defendant's usual place of business even if defendant occasionally conducted business at that location).

Hinshaw is a limited liability partnership and therefore, service of process upon it must be made pursuant to Rule 7004(b)(3) which provides for the following:

> "Upon a domestic or foreign corporation or upon a partnership or other unincorporated association, by mailing a copy of the summons and complaint to the attention of an officer, a managing or general agent, or other agent authorized by appointment or by law to receive service of process and, if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant."

Fed.R.Bankr.P. 7004. According to the Certificate of Service, the Debtor attempted to serve Hinshaw by delivering a copy of the summons and complaint to the Broward Hinshaw Office, but failed to address the documents to a particular individual. *See e.g. In re Ochoa,* 399 B.R. 563, 567 (Bankr. S.D. Fla. 2009) (discussing proper service on an agent pursuant to Rule 7004 and finding it lacking when service was not effectuated on the designated agent).

Service of process on federally-insured depository institutions, such as BoNY,[3] is specifically proscribed in the Bankruptcy Rules of Procedure. Rule 7004(h) provides, in pertinent part, as follows:

> "Service on an insured depository institution (as defined in section 3 of the Federal Deposit Insurance Act) in a contested matter or adversary proceeding shall be made by certified mail addressed to an officer of the institution unless--
> 1.  the institution has appeared by its attorney, in which

---

[3] According to FDIC look up tools, BoNY is FDIC insured. *See https://banks.data.fdic.gov/bankfind-suite/bankfind?activeStatus=0%20OR%201&branchOffices=true&name=Bank%20of%20New%20York%20Mellon&pageNumber=1&resultLimit=25*

> case the attorney shall be served by first class mail;
>
> 2. the court orders otherwise after service upon the
> institution by certified mail of notice of an application to
> permit service on the institution by first class mail sent to
> an officer of the institution designated by the institution;
> or the institution has waived in writing its entitlement to
> service by certified mail by designating an officer to
> receive service"

*See* Fed.R.Bankr.P. 7004 (emphasis added).

Courts have distinguished between providing 'notice,' a matter generally directed to all creditors, and providing a particular creditor with notice for due process as directed by more specific provisions of the Federal Rules of Bankruptcy Procedure. *In re Sawyer*, 373 B.R. 454, at 458 (D. S.C. 2007) (*citing In re Banks*, 299 F.3d 296, 301 (4th Cir. 2002) (holding that while "mailing the proposed plans, the hearing notice, and confirmation order satisfied that 'notice' requirement under [Bankruptcy] Rule 2002, it does not meet the service requirements of [Bankruptcy] Rule 7004). Proper "notice is required in order to satisfy the due process clause of the Fifth Amendment and must be reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and to afford them an opportunity to present their objections." *In re Loloee*, 241 B.R. 655, 661 (9th Cir. BAP, 1999) (*citing Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)).

Unless one of the three (3) exceptions provided by Bankruptcy Rule 7004(h) is met, the party serving the complaint must clearly comply with the Rule. *See* Bankr. R. Pro. 7004(h)(1)-(3). Deviations from the strict requirements of Bankruptcy Rule 7004(h) are permitted when: (1) counsel has appeared in the case; (2) the court orders service be completed by another method or; (3) the defendant waives the requirement. *See id*. A comparison of Bankruptcy Rule 7004(h)'s language with that of other federal rules governing service of process on non-governmental entities and corporations clearly evidences a Congressional intent to fashion more

rigorous service of process requirements for proceedings initiated against insured depository institutions. *See In re Hamlett*, 322 F.3d 342 (4th Cir. 2003) (holding that service by regular mail to a registered agent does not satisfy the due process requirements of Bankruptcy Rule 7004(h)). Looking to the legislative history of Rule 7004(h), the *Hamlett* court determined that Congress added Bankruptcy Rule 7004(h) largely in response to the perceived need to grant additional safeguards to depository institutions involved in proceedings governed by Bankruptcy Rule 7004. *Id.*

None of the exceptions listed in Bankruptcy Rule 7004(h) apply to the instant matter and proper service has not been effectuated. In particular, no attorney or firm had filed a notice of appearance on behalf of BoNY in the Adversary Proceeding. Additionally, the Court has not ordered that BoNY should be served in any other matter than as specified by the Rules. Finally, BoNY has not waived in writing its entitlement to service by certified mail by designated an officer to receive service. Therefore, service was insufficient and this Court does not have personal jurisdiction over BoNY and the Complaint should be dismissed. *See Rodriquez v. Comm'r*, 2005 U.S. Dist. LEXIS 24927 at *9 (S.D. Fla. 2005) (dismissing a complaint for insufficiency of process that resulted in a lack of personal jurisdiction).

## C.    *The Complaint Fails to State a Cause of Action*

The Plaintiff seeks to recover damages for purported violations of the FCCPA involving : (1) alleged frequent contact with the Plaintiff; (2) attempting to collect a debt that was not owed; and (3) communicating with the Plaintiff while he was represented by counsel. [ECF 1 at ¶¶44-83]. Specifically, the Plaintiff alleges that, even though the Main Case was dismissed, contact with him after dismissal violated the automatic stay. [ECF 1 at ¶¶40, 43]. Additionally, the Plaintiff mistakenly claims that a handful of emails meet the threshold for frequency so as to cause a

violation of the FCCPA while ignoring that he contacted the Defendants himself in an apparent, ill-fated effort to manufacture a claim for improperly contacting him while represented by counsel in a separate legal proceeding (i.e., the bankruptcy). *See* Exs. B & L. Each of the Plaintiff's claims fails as we will be described below.

1. *The Automatic Stay was not in place after the dismissal of the Main Case*

Upon dismissal of the Main Case and prior to it being reinstated, the automatic stay was not in effect, contrary to the Plaintiff's allegations. *See* Ex. A. The Order Reinstating the Case states, in pertinent part, "[p]ursuant to 11 U.S.C. §362(c)(2)(B), the automatic stay terminated on the date this case was dismissed and was not in effect from that date until the entry of this order." *Id*. The Main Case was dismissed on January 28, 2022 and reinstated on February 18, 2022. *See* Ex A. Accordingly, claim for an alleged violation of the automatic stay can lie for any action from January 28, 2022, through and February 18, 2022.

Counts I and II of the Complaint rely solely on the correspondence sent on February 9, 2022, and February 15, 2022, respectively. [ECF 1 at ¶¶44-51, 53-59]. In each Count, the Plaintiff alleges that the email correspondence was sent "while Plaintiff/Debtor Lorenzo Allen was protected by the bankruptcy automatic stay;" however, as clearly stated in the Order Reinstating the Case, that assertion is patently false. *See* Ex. A. As both of these emails were sent *after* the Main Case was dismissed, the automatic stay did not apply and therefore, to the extent Counts I and II rely upon a violation of the automatic stay to state a cause of action, the Complaint fails to state a claim upon which relief may be granted. .

2. *The Email Correspondence did not meet the level of harassment required for a violation*

When reviewing similar claims, the Eleventh Circuit notes that claims "should be viewed from the perspective of a consumer whose circumstances makes [her] relatively more susceptible

to harassment, oppression, or abuse." *Leahy-Fernandez v. Bayview Loan Servicing, LLC,* 159 F. Supp. 3d 1294, 1304 (Bankr. M.D. Fla. 2016) (internal citations omitted). When reviewing the correspondence sent in *Leahy-Fernandez*, the court found that as a matter of law, one to two pieces of correspondence per month did not rise to the level of harassment. *See id* at 1305. Further, the court found that when the correspondence did not use abusive language, the correspondence also could not form the basis of a violation of the FCCPA. *See id*. Finally, the correspondence did not threaten to contact the plaintiff's family, friends or co-workers. *See id*. For these reasons, the court granted a motion to dismiss.

In the instant matter, the Plaintiff seeks to recover for five emails. [ECF 1 at ¶¶38-43]. As a threshold matter, although Plaintiff claims in each count that he seeks relief pursuant to §559.72(7), the complained of activity in each count only refers to **one email** which allegedly was sent while the Plaintiff "was protected by the bankruptcy automatic stay and represented by counsel." *Id* at ¶¶44-83. Accordingly, since section 7 of the FCCPA refers to the frequency of communication with the consumer, each count fails to state a claim for violation of the FCCPA to the extent the Plaintiff seeks relief under this section. Moreover, even were the Plaintiff seeking relief due to the volume of communications, each Count only includes **one** communication. *See id.* If one communication per month over a period of several months does not constitute a violation, then one singular communication certainly cannot. *See Leahy-Fernandez,* 159 F. Supp. 3d. at 1304 (dismissing a complaint where the creditor sent a nominal amount of correspondence).

A review of the email correspondence between the Plaintiff and the Defendants also indicates that the correspondence was neutral and did not harass the Plaintiff in any manner. Notably, the Plaintiff neglected to attach the initial correspondence from the Plaintiff to the Complaint wherein the Plaintiff requested that a final judgment that was erroneously entered be

vacated. However, a review of that correspondence clearly demonstrates that it was conciliatory and only sent in response to statements from the Debtor in an effort to provide the relief the Debtor requested. *See* Exs. B and L.

### 3.  The Debtor initiated the communication and therefore, Fla. Stat. §559.72(18) is inapplicable

The correspondence in this matter can be organized into two distinct groups – one for correspondence initiated by the Debtor beginning on January 31, 2022 and the second in February. *See* Comp. Exs. B and L. Notably, each group of documents plainly demonstrates that it was the Debtor who made a demand of the Defendants, not the other way around. *See id*. While Florida Statute §559.72(18) does prohibit contact with a party when they are represented by counsel, the statute includes one very important exception that rule. *See* Fla. Stat. §559.72(18). Specifically, communication is not prohibited when "the debtor initiates the communication." Here, the Debtor clearly made a demand of the Defendants to which the Defendants attempted to respond. Thus, the exception applies and no cause of action can lie. Moreover, the Defendant was proceeding *pro se* with respect to the Foreclosure Action and therefore, the Defendants did not have counsel they could contact. For both reasons, the Debtor cannot state a claim for a violation of Florida Statute §559.72(18).

### 4.  The Litigation Privilege Provides Immunity for the Complained of Activity

The Florida Supreme Court recognizes the principle of the litigation privilege, which affords absolute immunity to acts occurring during the course of a judicial proceeding as long as the act has some relation to the proceeding. *Echevarria*, *McCalla*, *Raymer*, *Barrett & Frappier v. Cole*, 950 So. 2d 380, 384 (Fla. 2007) (citing *Levin*, *Middlebrooks*, *Mabie*, *Thomas*, *Mayes Mitchell*, *P.A. v. United States Fire Ins. Co.*, 639 So.2d 606 (Fla. 1994)).

Florida's litigation privilege applies to violations of Florida state statutes, including the FCCPA. *Meyer v. Fay Servicing, LLC*, 385 F. Supp. 3d 1235, 1241-42 (M.D. Fla. 2019); *see also Trent v. Mortgage Elec. Registration Sys., Inc*., 618 F. Supp. 2d 1356, 2007 WL 2120262, at *3 (M.D. Fla. 2007) ("The Echevarria holding precludes communications attached to or made part of a foreclosure complaint from forming the basis of a FCCPA … claim."); *Pack v. Unifund CCR Partners, G.P*., No. 8:07-cv-1562-T-27EAJ, 2008 U.S. Dist. LEXIS 21182 (M.D. Fla. Mar. 13, 2008) (on summary judgment, holding that claims under the FCCPA were barred by state court lawsuit and litigation privilege).

All of the complained of activity occurred during the course of litigation. *See* Ex. C. The correspondence from BoNY's counsel to the Plaintiff solely concerned the Foreclosure Action and was sent *in response* to correspondence received from the Plaintiff. *See id.* The substance of the correspondence also discussed relief in the Foreclosure Action and was limited to litigation matters. *See id.* For this reason, none of the correspondence between the Debtor and the Defendants can form the basis for a claim for relief as it is barred by Florida's litigation privilege. *See Pack,* 2008 U.S. Dist. LEXIS 21182 (holding that claims under the FCCPA were barred by state court lawsuit and litigation privilege).

## Conclusion

The Complaint in this matter fails to state a cause of action under any theory of relief as the Defendants merely responded to correspondence received by the Plaintiff in an effort to address concerns raised by the Plaintiff. Moreover, any correspondence between the parties was barred by Florida's litigation privilege. For these reasons, the Complaint should be dismissed.

WHEREFORE, Defendants THE BANK OF NEW YORK F/K/A THE BANK OF NEW YORK AS SUCCESSOR TO JP MORGAN CHASE BANK, N.A., AS TRUSTEE FOR ASSET

BACKED FUNDING CORPORATION ASSET BACKED CERTIFICATES, SERIES 2003-AHL1, PETER HERNANDEZ and HINSHAW & CULBERTSON LLP respectfully request the Court dismiss this action and grant such other relief as the Court deems just and proper.

Respectfully Submitted,

/s/ Siobhan E. P. Grant
Siobhan E. P. Grant
Florida Bar No.: 68892
sgrant@hinshawlaw.com
HINSHAW & CULBERTSON LLP
2525 Ponce de Leon, 4th Floor
Coral Gables, FL 33134
Tel: (305) 428-5118
*Attorneys for Bank of New York Mellon f/k/a the Bank of New York as Successor to JP Morgan Chase Bank, N.A., as Trustee for Asset Backed Funding Corporation Asset-Backed Certificates, Series 2003-AHL1*

**Certificate of Service**

I HEREBY certify that on November 3, 2023, I served the foregoing Motion in the manner specified below to the particular parties:

*Via CM/ECF*
Robin R. Weiner,
Post Office Box 559007
Fort Lauderdale, FL 33355
*Chapter 13 Trustee*

*Via CM/ECF*
51 S.W. 1st Ave.
Suite 1204
Miami, FL 33130
*U.S. Trustee*

*Via US Mail & Email*
Lorenzo Andrew Allen
6207 NW 66th Way
Parkland, FL 33067
Poboy62@aol.com

By: /s/ Siobhan E. P. Grant
Siobhan E. P. Grant

70275\315205143.v1