TAGGED OPINION



**ORDERED in the Southern District of Florida on May 15, 2024.**

**Scott M. Grossman, Judge**
**United States Bankruptcy Court**

_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

In re:

LORENZO ANDREW ALLEN,                    Case No. 22-10014-SMG

    Debtor.                                  Chapter 13
_____/

LORENZO ANDREW ALLEN,

    Plaintiff,

v.                                                Adv. No. 23-1179-SMG

THE BANK OF NEW YORK,
HINSHAW & CULBERTSON, and
PETER HERNANDEZ, ESQ.,

    Defendants.
_____/

### ORDER GRANTING MOTION TO DISMISS
### <u>ADVERSARY PROCEEDING WITH PREJUDICE</u>

Lorenzo Allen – who has been representing himself in a state court foreclosure

action since 2014 – has alleged that his creditor and the plaintiff in that action, The

Bank of New York ("BONY"), together with its counsel Peter Hernandez, Esq. and his law firm, Hinshaw & Culbertson, violated the Florida Consumer Collection Practices Act[1] ("FCCPA") by sending him five emails over an 18-day period relating to the logistics of vacating a final judgment erroneously entered by the state court. Mr. Allen asserts that these emails violated Fla. Stat. § 559.72(7), which prohibits excessively frequent communications related to debt collection; Fla. Stat. § 559.72(9), which prohibits collection of illegitimate debts; and Fla. Stat. § 559.72(18), which prohibits communications with a debtor known to be represented by counsel with respect to the debt at issue, unless the debtor initiated the communication. The Defendants have moved to dismiss Mr. Allen's amended complaint with prejudice for failure to state a claim upon which relief may be granted. Upon consideration of Mr. Allen's amended complaint,[2] the Defendants' motion to dismiss,[3] Mr. Allen's response,[4] and the Defendants' reply,[5] together with the arguments of Mr. Allen and of counsel for the Defendants at an April 2, 2024 hearing,[6] for the reasons discussed below the Court will grant the Defendants' motion and dismiss this adversary proceeding with prejudice.

## I. LEGAL STANDARD.

To avoid dismissal for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6),[7] a complaint must state a claim for

---

[1] Fla. Stat. §§ 559.55-559.785.
[2] ECF No. 22.
[3] ECF No. 32.
[4] ECF No. 37.
[5] ECF No. 38.
[6] ECF No. 39.
[7] Made applicable here by Federal Rule of Bankruptcy Procedure 7012.

relief that is "plausible on its face."[8] The plaintiff must plead sufficient facts – which the court must accept as true at this stage – to allow the court "to draw the reasonable inference" of a defendant's liability.[9] The court must determine, based on "judicial experience and common sense," whether the well-pleaded facts in the complaint present a plausible claim for relief.[10] If the allegations fail to "nudge" the claims "across the line from conceivable to plausible," the complaint must be dismissed.[11] Allegations containing only "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'"[12] and "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts,"[13] will not suffice. If the "well-pleaded facts do not permit the court to infer more than the mere possibility" of liability, the complaint must be dismissed.[14]

## II.  BACKGROUND.

### A.  The 2014 State Court Foreclosure Action and 2022 Chapter 13 Bankruptcy Case.

On January 3, 2022, Mr. Allen filed a pro se voluntary chapter 13 bankruptcy petition.[15] At that time, he was a pro se defendant in a pending state court foreclosure action filed by BONY in 2014.[16] On January 5, 2022 – two days after he filed his

---

[8] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).
[9] *Id.* (citing *Twombly*, 550 U.S. at 555-56).
[10] *Id.* at 679.
[11] *Twombly*, 550 U.S. at 570.
[12] *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).
[13] *Warren Tech., Inc. v. UL LLC*, 962 F.3d 1324, 1328 (11th Cir. 2020) (quoting *Jackson v. BellSouth Telecomms.*, 372 F.3d 1250, 1262 (11th Cir. 2004)).
[14] *Iqbal*, 556 U.S. at 679.
[15] Case No. 22-10014-SMG (the "Main Case"), ECF No. 1.
[16] Def. Mot. to Dismiss, Ex. A. (*Bank of New York Mellon v. Allen*, Case No. CACE14009009 (Fla. 17th Jud. Cir.)).

3

bankruptcy petition – the state court entered a final judgment of foreclosure in favor of BONY and against Mr. Allen, in violation of the automatic stay of 11 U.S.C. § 362(a). Three weeks later, on January 27, 2022, Mr. Allen's chapter 13 bankruptcy case was then dismissed after he failed to timely file his bankruptcy schedules and a chapter 13 plan.[17]

Although his bankruptcy case had been dismissed, on February 5, 2022 attorney Raysa Rodriguez, Esq. of Bigge & Rodriguez, P.A. proceeded to file for Mr. Allen all the missing bankruptcy schedules and a chapter 13 plan.[18] Then on February 7, 2022, attorney Robert Bigge, Esq. of Bigge & Rodriguez filed an emergency motion to reinstate his bankruptcy case.[19] After a hearing on February 16, 2022,[20] the Court entered an order on February 18, 2022, at 12:23 p.m. reinstating Mr. Allen's chapter 13 bankruptcy case.[21]

Just over a month later, Bigge & Rodriguez moved to withdraw as counsel for Mr. Allen.[22] After a hearing on April 14, 2022,[23] the Court entered an order granting the motion to withdraw on April 18, 2022.[24] Mr. Allen then again proceeded pro se in his chapter 13 case until May 5, 2022, when attorney Chad T. Van Horn, Esq. entered a notice of appearance on his behalf.[25] Through Mr. Van Horn's assistance, Mr. Allen

---

[17] Main Case, ECF No. 13.
[18] Main Case, ECF Nos. 15, 16, 17, 18, and 19.
[19] Main Case, ECF No. 20.
[20] Main Case, ECF No. 21.
[21] Main Case, ECF No. 23.
[22] Main Case, ECF No. 31.
[23] Main Case, ECF No. 32.
[24] Main Case, ECF No. 41.
[25] Main Case, ECF No. 45.

was able to confirm a sixth amended chapter 13 plan[26] on November 28, 2022.[27] Although Mr. Van Horn remains counsel of record for Mr. Allen in his main chapter 13 bankruptcy case, he does not represent Mr. Allen in this adversary proceeding. Nor has Mr. Van Horn appeared for Mr. Allen in the state court foreclosure action.

      B.     <u>Emails Sent Between Dismissal and Reinstatement</u>.

As alleged in the amended complaint, on February 9, 2022 – while Mr. Allen's chapter 13 case was dismissed – Mr. Hernandez emailed[28] Mr. Allen a copy of BONY's motion to vacate the state court's final judgment of foreclosure and for entry of an amended final judgment of foreclosure, together with a proposed agreed order granting that motion. BONY's motion sought to vacate the state court's January 5, 2022 foreclosure judgment because it was entered in violation of the automatic stay.[29] But because Mr. Allen's bankruptcy case had been dismissed on January 27, 2022, and therefore the automatic stay was no longer in effect,[30] BONY's motion also sought entry of a new, amended final judgment of foreclosure. On February 15, 2022 – again, while Mr. Allen's chapter 13 case remained dismissed – Mr. Hernandez emailed Mr. Allen to follow up on his February 9 email.

Then on February 18, 2022 – after the February 16 hearing on Mr. Allen's motion to reinstate his chapter 13 case and after Mr. Allen had filed another suggestion of bankruptcy in the state court, but before entry of the reinstatement

---

[26] Main Case, ECF No. 93.
[27] Main Case, ECF No. 98.
[28] Copies of the emails at issue are attached to the amended complaint as a composite exhibit.
[29] *See Albany Partners, Ltd. v. Westbrook*, 749 F.2d 670, 675 (11th Cir. 1984) ("acts taken in violation of the automatic stay are generally deemed void and without effect.").
[30] *See* 11 U.S.C. § 362(c)(2)(B).

5

order later that day – Mr. Hernandez emailed Mr. Allen a revised proposed agreed order to submit to the state court. This revised proposed agreed order would still vacate the original January 5 foreclosure judgment that had been entered in violation of the automatic stay, but instead of entering a new amended foreclosure judgment (as originally proposed by Mr. Hernandez after Mr. Allen's bankruptcy case had been dismissed), this revised proposed agreed order would provide that no further action would be taken in the foreclosure case in light of the reinstatement of Mr. Allen's chapter 13 bankruptcy case.

   C. <u>Emails Sent after Reinstatement</u>.

After the chapter 13 case was reinstated, Mr. Hernandez sent Mr. Allen two more emails, one on February 21, 2022, and one on February 27, 2022, both following up on his earlier emails with respect to the revised proposed agreed order on the motion to vacate, and both inquiring whether a hearing on the motion to vacate would be necessary.

   D. <u>This Adversary Proceeding</u>.

Although still represented by counsel in his main bankruptcy case, on September 15, 2023, Mr. Allen initiated this adversary proceeding pro se, by filing a five-count complaint[31] against the Defendants alleging violations of the FCCPA. The Defendants moved to dismiss[32] the complaint. After a hearing on December 19, 2023,[33] the Court dismissed the complaint for insufficient service of process and for

---

[31] ECF No. 1.
[32] ECF No. 11.
[33] ECF No. 12.

6

failure to state a claim upon which relief could be granted, but without prejudice to Mr. Allen filing an amended complaint.[34] Mr. Allen then timely filed his amended complaint.[35]

The amended complaint contains three counts, each of which alleges a violation of the FCCPA. Count I alleges the Defendants violated Florida Statutes § 559.72(7) by sending the emails dated February 18, February 21, and February 27, 2022; Count II alleges the Defendants violated Florida Statutes § 559.72(9) by sending the emails dated February 18, February 21, and February 27, 2022; and Count III alleges the Defendants violated Florida Statutes § 559.72(18) by sending the emails dated February 9, February 15, February 18, February 21, and February 27, 2022. The Defendants moved to dismiss[36] the amended complaint, arguing that it failed to cure the original complaint's deficiencies, and still failed to state a claim upon which relief may be granted. The Court agrees and will now dismiss the amended complaint with prejudice.

### III. ANALYSIS.

#### A. The Florida Consumer Collection Practices Act.

"The Florida Legislature enacted the FCCPA to protect the consuming public from abusive debt collectors."[37] The FCCPA identifies nineteen practices that are prohibited "[i]n collecting consumer debts."[38] In his amended complaint, Mr. Allen

---

[34] ECF No. 18.
[35] ECF No. 22. After filing the amended complaint, Mr. Allen properly effectuated service on all Defendants. *See* ECF Nos. 28, 29, 30, 31.
[36] ECF No. 32.
[37] *In re Runyan*, 530 B.R. 801, 805 (Bankr. M.D. Fla. 2015) (citing *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1190 (11th Cir. 2010)).
[38] Fla. Stat. § 559.72.

7

alleges that the Defendants engaged in three of these prohibited practices by sending the emails discussed above.

### 1. *Count I – FCCPA § 559.72(7).*

In Count I, Mr. Allen alleges that the Defendants violated Florida Statutes § 559.72(7) by "repeatedly and harassingly" communicating with him, despite their knowledge of the existence of the automatic stay, by sending emails on February 18, February 21, and February 27, 2022, in an attempt to collect a debt.[39] Mr. Allen further alleges that the Defendants' email communications were "intended to force, coerce, harass, frighten, embarrass, and/or humiliate" him into paying this debt and constituted "an unlawful, intentional, systematic, continuous, willful, reckless, and harassing" invasion of his privacy.[40] Finally, Mr. Allen alleges that he sustained damages (as defined by Florida Statutes § 559.77) as a "direct and proximate result" of the Defendants' actions,[41] but he does not specifically identify any such damages.

Section 559.72(7) states that in collecting consumer debts, no person shall "willfully communicate with the debtor . . . with such frequency as can reasonably be expected to harass the debtor . . ., or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor."[42] Mr. Allen alleges that three emails sent to him while the automatic stay was in effect constitute communications with such frequency as can reasonably be expected to harass the debtor. Viewing the allegations in the light most favorable to Mr. Allen, these three emails do not in any

---

[39] Am. Compl. ¶ 50.
[40] *Id.* at ¶ 51.
[41] *Id.* at ¶ 53.
[42] Fla. Stat. § 559.72(7).

8

way qualify as communicating "with such frequency as can reasonably be expected to harass the debtor."[43] Nor can the content of the emails in any way be construed as an attempt to collect a debt. These are simply emails from counsel for one party in civil litigation to a pro se adverse party regarding logistics for vacating a final judgment improperly entered by the state court:

> Sent: Friday, February 18, 2022, 11:26:53 AM EST
>
> Subject: RE: Bank of New York Mellon v. Juanita Allen / Case no. CACE14009009 / Motion to Vacate
>
> Mr. Allen,
>
> In light of the Amended Suggestion of Bankruptcy filed today notifying that the bankruptcy proceedings have been reinstated, attached please find a revised Agreed Order granting in part Plaintiff's Motion. Please review and advise if we have your approval to submit the proposed order for the Court's consideration.
>
> Thank you,
>
> Peter A. Hernandez, Esq.

> Sent: Mon, Feb 21, 2022 11:05 pm
>
> Subject: RE: Bank of New York Mellon v. Juanita Allen / Case no. CACE14009009 / Motion to Vacate
>
> Mr. Allen,
>
> Should we proceed to schedule a hearing on the motion to vacate or do you approve of the revised order?
>
> Thank you,
>
> Peter A. Hernandez, Esq.

> Sent: Sun, Feb 27, 2022 9:54 am
>
> Subject: RE: Bank of New York Mellon v. Juanita Allen / Case no. CACE14009009 / Motion to Vacate
>
> Mr. Allen,
>
> I do not see a response from you approving the proposed agreed order vacating the judgment. Please let me know by Tuesday, March 1, 2022 or I will have my assistant schedule a hearing on the motion.

---

[43] *Id.* Most reported cases analyzing section 559.72(7) involve phone calls, not letters or emails. *Daley v. Bono*, 420 F. Supp. 3d 1247, 1260 (M.D. Fla. 2019). But in *Leahy-Fernandez v. Bayview Loan Servicing, LLC*, 159 F. Supp. 3d 1294, 1305 (M.D. Fla. 2016), a court concluded that once per-month mailings (plus one month with two mailings) did not violate either Fla. Stat. § 559.72(7) or § 1629d of the federal Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1692p. Another reported decision concluded that 132 automated phone calls over eight months – without more – was not a sufficient basis for relief under Fla. Stat. § 559.72(7). *Lardner v. Diversified Consultants, Inc.*, 17 F. Supp. 3d 1215, 1226 (S.D. Fla. 2014).

9

The contents of these emails – which are attached to Mr. Allen's amended complaint and reproduced above – were entirely innocuous and in no way sought to harass Mr. Allen or collect a debt.[44] Further, Mr. Allen fails to allege any particular damages he suffered because of these emails. His conclusory allegation that he sustained damages (as defined by Florida Statutes § 559.77) as a direct and proximate result of the Defendants' actions is insufficient. Accordingly, despite being given the opportunity to replead his allegations to state a plausible claim, Mr. Allen still has not pled sufficient facts to allow the Court to draw the reasonable inference that the Defendants violated § 559.72(7). The Court will therefore dismiss Count I with prejudice.

2. *Count II – FCCPA § 559.72(9).*

In Count II, Mr. Allen alleges that the Defendants violated Florida Statutes § 559.72(9) by "attempting to collect a consumer debt from [him] with knowledge that the debt [is] not legitimate or asserting the existence of the legal right with the knowledge that the right does not exist."[45] Specifically, Mr. Allen alleges that each of the Defendants had actual knowledge of his underlying chapter 13 bankruptcy case and its reinstatement, yet continued to "repeatedly" email him on February 18, 21, and 27, 2022, "all in an effort to collect the pre-bankruptcy debt."[46] According to Mr. Allen, "through the aforementioned emails, the Defendants knowingly falsely asserted that it had the right to collect the debt directly from [him], despite possessing

---

[44] Whether the automatic stay was in effect when Mr. Hernandez sent these emails has no bearing on their frequency.
[45] Am. Compl. ¶ 57.
[46] *Id.* at ¶ 58.

10

actual knowledge of [his] underlying bankruptcy stay."[47] Mr. Allen then concludes, without elaboration, that "[a]s a direct and proximate result of Defendant[s'] actions, [he] sustained damages as defined by Florida Statutes, section 559.77."[48]

Florida Statutes § 559.72(9) states that "[i]n collecting consumer debts, no person shall . . . [c]laim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist."[49] Mr. Allen alleges that the February 18, 21, and 27 emails sent to him while the automatic stay was in effect were claims, attempts, or threats to enforce a debt that the Defendants knew to be illegitimate or uncollectable because of the automatic stay. But based on Mr. Allen's own allegations and the content of these emails, copies of which were attached to his amended complaint, these emails were in no way attempts to enforce a debt, let alone to enforce a debt known to be unenforceable. Instead, based upon Mr. Allen's own allegations and the content of the emails, these communications pertained to logistics for *vacating* a final judgment of foreclosure that the state court improperly entered in violation of the automatic stay.

Lastly, as with Count I, Mr. Allen alleges no particular damages in Count II either. Accordingly, despite being given the opportunity to replead his allegations, Mr. Allen has again failed to plead sufficient facts to allow the Court to draw the

---

[47] *Id.* at ¶ 59.
[48] *Id.* at ¶ 60.
[49] Fla. Stat. § 559.72(9).

11

reasonable inference that the Defendants violated § 559.72(9) of the FCCPA. The Court will therefore dismiss Count II with prejudice.

### 3. *Count III – FCCPA § 559.72(18).*

In Count III Mr. Allen alleges that the Defendants violated Florida Statutes § 559.72(18) by "intentionally and repeatedly communicating directly with [him] after receiving actual notice [he] was represented by counsel with regard to the aforementioned debt."[50] Specifically, he alleges that on or before January 5, 2022, the Defendants each "received actual notice of [his] underlying bankruptcy case" via the Clerk of Court, which included the name and contact information of Mr. Allen's bankruptcy counsel, Mr. Bigge.[51] To begin, the docket in his chapter 13 bankruptcy case belies this allegation.[52] As discussed above, Mr. Allen filed his chapter 13 bankruptcy case pro se on January 3, 2022[53] and he proceeded pro se through dismissal of the case on January 27, 2022. It was not until February 5, 2022 – before the case was reinstated – that any attorney appeared in the bankruptcy case on behalf of Mr. Allen.[54]

Nevertheless, it is true that upon reinstatement on February 18, Mr. Allen was then represented by an attorney in his chapter 13 bankruptcy case. Assuming without deciding that Mr. Allen was represented by an attorney with respect to his

---

[50] Am. Compl. at ¶ 64.
[51] *Id.* at ¶ 65.
[52] The court can always take judicial notice of its own docket when ruling on a Rule 12(b)(6) motion. *In re Bal Harbour Quarzo, LLC*, 623 B.R. 903, 915 n.98 (Bankr. S.D. Fla. 2020) (citing *Harrington v. Racki (In re Bishop)*, 578 B.R. 158, 164 (Bankr. W.D.N.Y. 2017); *In re HRN Grp., LLC*, 2020 WL 426048, at *2 (Bankr. N.D. Ga. 2020)).
[53] Main Case, ECF No. 1.
[54] Main Case, ECF No. 15.

then-dismissed bankruptcy case as early as February 5, when an attorney first acted for him in that (dismissed) case, Count III of his amended complaint still fails to state a claim. The Defendants do not dispute that Mr. Hernandez communicated with Mr. Allen by email on February 9, 15, 18, 21, and 27. But, they assert – as evidenced by the complete email chains attached as Composite Exhibit B to their motion to dismiss[55] – that *Mr. Allen initiated the communications* by sending an email to Mr. Hernandez on January 31, 2022.[56] In his January 31 email, Mr. Allen specifically

---

[55] A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of a complaint. Thus, courts usually look only to the "four corners" of the complaint itself, together with any attached exhibits, to determine a complaint's sufficiency. Courts generally cannot consider materials outside the complaint – such as exhibits to a defendant's motion to dismiss – without converting the motion to dismiss into a motion for summary judgment. But when a defendant attaches to its motion to dismiss documents that are (1) central to the plaintiff's claim, and (2) undisputed, courts can consider those documents in ruling on a motion to dismiss without converting the motion into one for summary judgment. *Day v. Taylor*, 400 F.3d 1272, 1275-76 (11th Cir. 2005)). The emails at issue here are all central to Mr. Allen's claims, but Mr. Allen only attached to his amended complaint the specific, isolated emails at issue, and not the entire email chains of which they were a part. In their motion to dismiss, however, the Defendants attached the complete email chains, including the original emails from Mr. Allen that initiated these communications. Mr. Allen did not challenge the authenticity of these emails in his response. The Court therefore may properly consider these emails without converting the motion to dismiss into a motion for summary judgment.

[56] Mot. to Dismiss at 3.

13

requested that action be taken to vacate the state court final judgment of foreclosure entered after commencement of Mr. Allen's chapter 13 bankruptcy case:[57]



Indeed, all the emails about which Mr. Allen complains in this adversary proceeding were sent by Mr. Hernandez in response to Mr. Allen's original January 31 email.

Florida Statutes § 559.72(18) states that in collecting consumer debts, no person shall:

> Communicate with a debtor if the person knows that the debtor is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the debtor's attorney fails to respond within 30 days to a communication from the person, unless the debtor's attorney consents to a direct

---

[57] Mot. to Dismiss, Ex. B.

communication with the debtor, or *unless the debtor initiates the communication*.[58]

The complete email chain between Mr. Allen and Mr. Hernandez conclusively shows that Mr. Allen initiated the communications. Each email on which Mr. Allen bases Count III was sent in response to Mr. Allen's original demand that the Defendants "immediately" seek to vacate the state court foreclosure judgment. Accordingly, Count III fails to state a claim under Florida Statutes § 559.72(18), so it will be dismissed with prejudice as well.[59]

    4.    *Florida's litigation privilege.*

Finally, in addition to failing on its face to state a claim upon which relief can be granted, the amended complaint is also barred by Florida's litigation privilege. "Under Florida law, absolute immunity attaches to 'any act occurring during the course of a judicial proceeding, . . . so long as the act has some relation to the proceeding.'"[60] "The privilege applies to statutory violations, including violations of the FCCPA."[61] Each of Mr. Allen's three FCCPA causes of action is based upon emails sent to him by Mr. Hernandez during the course of the state court foreclosure litigation. These emails – which discuss nothing but the logistics of vacating the state court foreclosure judgment – are clearly acts that occurred during the course of a

---

[58] Fla. Stat. § 559.72(18) (emphasis added).
[59] Moreover, Mr. Allen has been representing himself in the state court foreclosure action since 2014. Although as of February 5, 2022, an attorney first appeared on his behalf in his chapter 13 bankruptcy case, it is not clear whether that appearance (in a dismissed case, no less) resulted in the Defendants knowing that an attorney was representing him with respect to the debt at issue in the foreclosure case. But because Mr. Allen initiated these communications, the Court need not determine this issue.
[60] *Solis v. CitiMortgage, Inc.*, 699 F. App'x 891, 894 (11th Cir. 2017) (quoting *See Levin, Middlebrooks, Mabie, Thomas, Mayes & Mitchell, P.A. v. U.S. Fire Ins. Co.*, 639 So.2d 606, 608 (Fla. 1994)).
[61] *Id.* (citing *Echevarria, McCalla, Raymer, Barrett & Frappier v. Cole*, 950 So.2d 380, 383–84 (Fla. 2007)).

15

judicial proceeding, which were directly related to that proceeding. Accordingly, all three counts of the amended complaint are also barred by the litigation privilege.

## IV. CONCLUSION.

Mr. Allen's amended complaint fails to state a claim upon which relief may be granted under Fla. Stat. §§ 559.72(7), (9), or (18). Having been given an opportunity to amend and replead his complaint, but still having failed to state a claim, his amended complaint will now be dismissed with prejudice.

## ORDER

For the reasons discussed above, it is **ORDERED** that:

1. The *Defendants' Motion to Dismiss Amended Complaint*[62] is **GRANTED**.

2. The *Amended Complaint*[63] is **DISMISSED WITH PREJUDICE**.

### # # #

Copies of this Order will be provided to counsel for the Defendants via CM/ECF.

The Clerk is directed to serve a copy of this Order on the Plaintiff by U.S. Mail at:

Lorenzo Andrew Allen
6207 NW 66th Way
Parkland, FL 33067

---

[62] ECF No. 32.
[63] ECF No. 22.